IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES R. CECIL                                                                                           PLAINTIFF

V.                                                                              CAUSE NO.: 1:13CV201-SA-DAS

CULLEN T. SMITH and
DLT TRUCKING, LLC                                                                                   DEFENDANTS

ORDER ON MOTION TO DISMISS

Defendants Cullen T. Smith and DLT Trucking have filed a Motion to Dismiss [5], or in the Alternative, for a More Definitive Statement. Because Plaintiff has failed to set forth a sufficient factual basis to support his claims, the motion is hereby GRANTED IN PART and DENIED IN PART. Plaintiff shall have fourteen (14) days to amend his Complaint to conform with standards set forth below.

*Factual and Procedural Background*

Plaintiff filed this federal lawsuit against the Defendants based on injuries allegedly sustained as a result of driver Cullen Smith rear-ending James R. Cecil in Tennessee. At the time of the accident, Plaintiff alleges that Smith was a DLT Trucking employee acting within the scope of his employment. Plaintiff asserts that Defendant DLT Trucking is liable for negligence, particularly noting that pursuant to the Federal Motor Carrier Safety Regulations, that corporation owed a duty to use reasonable care in the operation of their tractor-trailer, and "in the hiring, training, retention, and/or supervision of the drivers chosen to operate it." Plaintiff additionally alleged that DLT Trucking committed a series of reckless and/or negligent acts pursuant to parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations.

Plaintiff also brings a claim against DLT Trucking under a respondeat superior theory citing that Smith was operating the tractor-trailer at an unreasonable speed, in an unreasonable manner, without exercising due care. There is also a claim against Smith for negligence.

The Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), with the alternative request of requiring a more definitive statement. Defendants contend that Plaintiff's reference to the alleged violations of Parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations is too vague as those provisions contain one hundred sixty-one separate regulations. Defendants further complain that Plaintiff fails to establish any factual basis for his claims of negligent hiring, training, retention and/or supervision. Defendants finally argue that jurisdiction is not established in this Court as Plaintiff's conclusory statement about the damage limit being met in this case is not enough.

*Applicable Legal Standard*

Federal Rule of Civil Procedure 12(e) allows a party to request a more definite statement with respect to a "pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.

The purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2008). Rule 12(b)(6) "must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for 'a short and plain statement of the claim showing

that the pleader is entitled to relief.'" Id. "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

In 2007 and 2009, the United States Supreme Court addressed the standard for a motion to dismiss under Rule 12(b)(6):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))(internal quotations and citations omitted).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the longstanding requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011)(internal quotation omitted).

*Discussion and Analysis*

As an initial matter, the Court addresses the subject matter jurisdiction matter raised by the Defendants. Plaintiff contends in his Complaint that his damages exceed the $75,000 threshold jurisdictional damages limit such that federal jurisdiction is proper here. Plaintiff then enumerates that he

> sustained serious and permanent bodily injuries; incurred medical, hospital, therapeutic, and pharmaceutical bills, and will incur medical, hospital, therapeutic, and pharmaceutical bills in the future; he experienced pain and suffering and will experience pain and suffering in the future; he incurred lost wages and impairment of future earning ability, loss of enjoyment of life, lost time, mental anxiety and emotional distress, disability, exacerbation of prior health conditions, disfigurement and sustained other injuries of a personal and pecuniary nature.

It is well settled that a plaintiff "is the master of his complaint." State Nat'l Ins. Co. v. Yates, 391 F.3d 577, 581 (5th Cir. 2004) (citing United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998)). Thus, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (citations omitted). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 289, 58 S. Ct. 586 (emphasis added). Defendants have failed to allege that the amount in controversy claimed by Plaintiff was not made in good faith or that there is a legal certainty that the claim is for less than the jurisdictional amount. Accordingly, the request for dismissal pursuant to lack of subject matter jurisdiction is denied.

As to the merits of the motion, Defendants concede that Plaintiff has adequately pled his simple negligence and vicarious liability claims. Defendants mainly take issue with the claims made pursuant to the Federal Motor Carrier Safety Regulations, those claims for negligent hiring, training, retention and/or supervision, and the claim for punitive damages.

Defendant argues that Plaintiff's Complaint fails to assert a factual basis for his claims made under the Federal Motor Carrier Safety Regulations. In particular, Plaintiff alleges that DLT Trucking did not require Smith to comply with the duties and prohibitions of driver regulations under the FMCSRs, encouraged Smith to violate those regulations, failed to maintain or improperly maintained records and documents pursuant to those regulations, permitted Smith

to operate his vehicle while impaired, failed to adequately train Smith, did not investigate the competence of Smith, and failed to take Smith "out of service," among other claims. These statements are not followed by or made pursuant to any factual basis supporting that claim.

As to the claims made pursuant to the Federal Motor Carrier Safety Regulations, Plaintiff has failed to satisfy the standards set forth by the United States Supreme Court and the Federal Rules of Civil Procedure. Plaintiff fails to state the factual basis for making those claims against DLT Trucking. Likewise, Plaintiff fails to support his claim against DLT Trucking for negligence in hiring, training, retention and/or supervision of Smith. There is no indication in the Complaint that these claims are plausible.

The only factual basis noted in the entire Complaint is that "[o]n or about November 13, 2012, Defendant Cullen T. Smith owned and operated a tractor-trailer in a eastbound direction on Interstate 40, in Shelby County, Tennessee." Further, "Smith was DLT's employee/agent acting within the scope of his employment duties as a professional truck driver and pursuant to DLT's motor carrier operating authority." "Cecil was the owner and operator of 2009 Dodge Caravan which was traveling eastbound on Interstate 40 when he began to slow down due to a previous crash scene that had occurred." "At said time and place, Smith recklessly and/or negligently drove his 2006 tractor-trailer crashing it into the rear of Cecil's vehicle."

There is no factual basis evidencing a reason that DLT failed to exercise due care in the hiring, training, retention, and/or supervision of Smith, or that DLT Trucking breached any duty pursuant to the Federal Motor Carrier Regulations other than Plaintiff's bald assertions. Moreover, there is no allegation of willful intentional conduct to justify punitive damages. Thus, accepting all well-pleaded facts as true and in a light most favorable to Plaintiff, the Court finds that the Plaintiff has failed to plead any factual content allowing the court to draw the reasonable

inference that the defendant is liable for the violations under the Federal Motor Carrier Safety Regulations, for negligent hiring, training, retention and/or supervision of Smith, or any conduct that would support punitive damages. A claim must "be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 558, 127 S. Ct. 1955. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a casue of action will not do." Id. at 554-56, 127 S. Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Plaintiff has failed to meet this burden as to the claims identified.

The Court hereby GRANTS Defendants' alternative request for a more definitive statement and grants Plaintiff leave to amend the complaint to comport with the requirements as set forth in Iqbal and Twombly.

*Conclusion*

Defendant's Motion to Dismiss is DENIED, but the Motion for More Definitive Statement is GRANTED. Plaintiff shall amend his complaint within fourteen (14) days providing a factual basis to support each of his claims, or risk those claims being dismissed under Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED, this the 9th day of April, 2014.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**